In re James A. BAUR And Michelle Ball Baur, Debtors.

James A. Baur And Michelle Ball Baur, Plaintiffs,

v.

Chase Home Finance, LLC, Defendant.

Bankruptcy No. 08–4752–3F1.

Adversary No. 10–229.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Aug. 13, 2010.

Bryan K. Mickler, for Plaintiffs.

Maureen Vitucci, for Defendant.

### ORDER GRANTING AMENDED MOTION TO DISMISS FILED BY CHASE HOME FINANCE, LLC

JERRY A. FUNK, Bankruptcy Judge.

This proceeding came before the Court upon Amended Motion to Dismiss filed by Chase Home Finance, LLC (the "Amended Motion to Dismiss") and Response to Amended Motion to Dismiss filed by Chase Home Finance, LLC (the "Response"). Upon review of the Amended Motion to Dismiss and the Response, the Court finds it appropriate to deny the Amended Motion to Dismiss.

The Complaint contains the following allegations. Pre-petition Plaintiffs executed a mortgage in favor of Defendant for the principal amount of $140,700.00 to purchase a home located in Jacksonville Beach, Florida. After the purchase, Plaintiffs fell behind on their mortgage payments. On August 11, 2008, in an attempt to save their home from foreclosure, Plaintiffs filed a Chapter 11 bankruptcy petition. On that same day Plaintiffs filed their Plan of Reorganization (the "Plan") proposing to pay Defendant the balance of the mortgage lien over 360 months from the effective date of the Plan. The Plan did not provide for a post-confirmation reservation of jurisdiction.

On May 27, 2009 the Court entered Order Confirming Debtors' Plan of Reorganization (the "Confirmation Order"). The Confirmation Order treated Defendant's claim as stated in the Plan. The Confirmation Order does not provide for a post-confirmation reservation of jurisdiction.

On May 4, 2010 Plaintiffs instituted this adversary proceeding, alleging that Defendant misapplied Plaintiffs' post-confirmation payments, which it asserts are property of the estate, and as a result violated the automatic stay and the terms of the confirmed plan.

### Discussion

Defendant asserts that absent a specific reservation of jurisdiction in a Chapter 11 plan or order confirming plan, bankruptcy courts have jurisdiction only as to those matters that "arise under" or "relate to" Title 11. Defendant points out that this proceeding cannot "arise under" or "relate to" Title 11 because post-confirmation there is no longer a bankruptcy estate and the automatic stay no longer applies. Plaintiffs argue that the Court has jurisdiction over the proceeding because: 1) the misapplied payments are from Plaintiffs' post-petition earnings acquired prior to conversion, dismissal or closing of the case and therefore constitute property of the bankruptcy estate pursuant to 11 U.S.C. § 1115(a); 2) the payments are property of the estate and the automatic stay therefore remains in effect; 3) Defendant's misapplication of the payments constitutes a taking of estate property; and 4) Defendant violated the terms of the confirmed plan.

■ Section 1115 of the Bankruptcy Code provides that in an individual Chapter 11 case, in addition to the property set forth in § 541, all § 541 property that a

debtor acquires "after the commencement of the case but before the case is closed, dismissed, or converted" is property of the estate. Paragraph (b) of § 1141 of the Bankruptcy Code provides that "[e]xcept as otherwise provided in the plan or the order confirming plan, the confirmation of a plan vests all of the property of the estate in the debtor." Because there was no provision in the Plan or the Confirmation Order providing otherwise, upon confirmation of the Plan, Plaintiffs' post-petition earnings, which fund the post-confirmation payments, vested in Plaintiffs and are no longer property of the estate. Section 362(c)(1) of the Bankruptcy Code provides that "the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate." Accordingly, the automatic stay is not in effect. Additionally, because the payments are not property of the estate, the misapplication thereof could not constitute a taking of estate property.

■ Finally, absent a reservation of jurisdiction in the Plan or the Confirmation Order, the violation of the provisions of Plaintiffs' confirmed plan does not confer jurisdiction upon the Court. Once the Plan was confirmed, the contract between Plaintiffs and Defendant was rewritten. It is

**ORDERED:**

1. Amended Motion to Dismiss filed by Chase Home Finance, LLC is granted. This adversary proceeding is dismissed.

2. The entry of this Order is without prejudice to Plaintiffs filing a declaratory action in state court to enforce the terms of the contract between them and Defendant as modified by the Confirmation Order.